UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADALBERTO LOPEZ-MONTIEL, | ) |
| Plaintiff, | ) No. 11 C 6497 |
| v. | ) Magistrate Judge Sidney I. Schenkier |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Adalberto Lopez-Montiel, filed this action seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB"). After Mr. Lopez-Montiel filed his motion for summary judgment (doc. # 17), the Commissioner filed a motion to reverse and remand the Administrative Law Judge's ("ALJ") decision for further administrative proceedings (doc. # 22). Mr. Lopez-Montiel objected to the Commissioner's motion and argued that the Court should order an award of benefits or, in the alternative, limit the scope of the remand (doc. # 25). On September 19, 2012, this Court granted the Commissioner's motion to reverse and remand this case and overruled the plaintiff's objections. *Lopez-Montiel v. Astrue*, No. 11 C 6497, 2012 WL 4361444, at *1 (N.D. Ill. Sept. 19, 2012). The remand was appropriate because the ALJ had not been able

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), we have substituted Acting Commissioner of Social Security, Carolyn W. Colvin, for Michael J. Astrue as the named defendant.

to consider nearly a quarter of the 720-page administrative record, which was in Spanish and had not been translated.[2] *Id.* at *3.

Mr. Lopez-Montiel now moves this Court for an award of $10,553.37 in attorneys' fees and $10.60 in costs associated with this action, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (doc. # 31: Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act ("Pl.'s Mot."); doc. # 42: Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("Pl.'s Reply")). For the reasons set forth below, this Court grants Mr. Lopez-Montiel's application, including fees and costs for the time spent on the EAJA reply brief, but awards the revised amount of $8,663.37 to exclude the 10.4 hours Mr. Lopez-Montiel's attorneys spent opposing the Commissioner's motion to remand.

I.

To recover fees under the EAJA, the claimant must establish that (1) he is the "prevailing party," (2) the government's position was not "substantially justified," (3) there are no special circumstances that would make an award unjust, and (4) he filed a timely application for fees. 28 U.S.C. § 2412(d)(1)(A)-(D); *see also Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009).

The Commissioner does not dispute that Mr. Lopez-Montiel is a prevailing party, that the government's position was not substantially justified, or that the fee petition was timely filed. The Commissioner opposes the amount requested as unreasonable on two grounds. *First*, the Commissioner specifically contends that it was unreasonable for the plaintiff's attorneys to

---

[2] Of the nearly 500 pages of medical records, 166 pages were in Spanish and had not been translated—nearly a third of the medical record. By either measure, a substantial portion of the record had not been reviewed.

oppose the Commissioner's motion for remand and the Court should not compensate them for the 10.4 hours they expended preparing that opposition (doc. # 41: Defendant's Response to Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act at 3-4 ("Def.'s Resp.")). *Second*, the Commissioner argues that plaintiff's attorneys' hourly rate is unreasonable (Def.'s Resp. at 4). For the reasons set forth below, we agree with the Commissioner on the first issue but not on the second.

## II.

Mr. Lopez-Montiel's lawyers submitted a detailed report of the hours they worked and their costs: 56.5 hours worked by the attorneys (including 4.7 hours preparing the EAJA reply brief), 2.4 hours worked by legal assistants, and $10.60 in additional costs (Pl.'s Mot. at 3 & Ex. C; Pl.'s Reply at 8-9). At the plaintiff's proposed hourly rate of $182.75[3] per hour for attorneys' work and $95.00 per hour for legal assistants' work, the total attorneys' fees and costs requested is $10,563.97. The Commissioner disputes both the reasonableness of the 10.4 hours Mr. Lopez-Montiel's attorneys spent opposing the Commissioner's motion for remand and the reasonableness of the $182.75 hourly rate for Mr. Lopez-Montiel's attorneys. We address each of these issues in turn.

### A.

Mr. Lopez-Montiel, as the prevailing party, bears the burden of "proving that the hours worked were reasonable." *Seabron v. Astrue*, No. 11 C 1078, 2012 WL 1985681, at *1 (N.D. Ill. June 4, 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Courts should exclude hours not "reasonably expended," such as those spent on "excessive, redundant, or otherwise

---

[3] The briefs of Mr. Lopez-Montiel and the government sometimes refer to the hourly rate as $181.13 per hour of the (Pl.'s Mot. at 3; Def.'s Resp. at 5). But all of the plaintiff's calculations are based on a rate of $182.75 per hour, which is the figure Mr. Lopez-Montiel employs in his calculations table and in his reply brief (Pl.'s Mot. at Ex. C, p.2; Pl.'s Reply at 9).

unnecessary" work. *See Hensley*, 461 U.S. at 434; *Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008); *Delgado v. Astrue*, No. 11 CV 02849, 2012 WL 6727333, at *2 (N.D. Ill. Dec. 28, 2012). Further, the EAJA states that an award for attorneys' fees may be reduced "to the extent that the prevailing party . . . unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C).

Mr. Lopez-Montiel's attorneys should not have wasted time and money opposing remand, when there was no reasonable basis to expect the Court to remand with instructions to award benefits. An award of benefits is only appropriate if all factual issues have been resolved and the record supports a finding of disability. *See Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355-56 (7th Cir. 2005). Here, the factual issues had not been resolved – the medical record contained 166 pages that had yet to be translated from Spanish. *Lopez-Montiel v. Astrue*, 2012 WL 4361444, at *3. Because the Spanish-language documents included hospital reports, laboratory results, doctors' notes, and other medical records, *id.*, the ALJ could not have considered all of the available medical evidence. With an incomplete record, the Court had no reasonable option but to remand for the ALJ to determine whether Mr. Lopez-Montiel was disabled based on consideration of his entire record. It would have been improvident to order that benefits be awarded without knowing whether the many medical records yet to be reviewed support – or undermine – a finding of disability.

Mr. Lopez-Montiel offers four arguments to explain why opposing the Commissioner's remand motion nonetheless was reasonable: (1) his disability benefits claim had been pending for a long time; (2) the Commissioner delayed in seeking remand; (3) Mr. Lopez-Montiel

received some benefit; and (4) courts often reject the Commissioner's motions for remand. None of these reasons persuade us to award fees for the hours spent resisting remand.

*First*, this disability review case had not been pending for an unduly long period of time in this Court.[4] Indeed, lacking a reasonable expectation of an award, Mr. Lopez-Montiel unnecessarily and unreasonably protracted the proceedings by his improvident opposition to the Commissioner's motion. Mr. Lopez-Montiel's attorneys should not receive fees for the time devoted to opposing remand.

*Second*, contrary to Mr. Lopez-Montiel's argument, the Commissioner did not cause a long delay in filing the remand motion. The Commissioner took three months to file her motion for remand after Mr. Lopez-Montiel filed for summary judgment. While it would have saved more time to file the remand motion *before* Mr. Lopez-Montiel expended the effort to file for summary judgment, we do not find this length of time unusual given the Commissioner's caseload and the administrative steps we expect are required in order to obtain approval to propose a voluntary remand.

*Third*, Mr. Lopez-Montiel argues that opposing the remand motion was reasonable because he received some benefit. Mr. Lopez-Montiel does not convince us that his attorneys created a significant benefit to him by opposing remand. While we offered a cautionary note regarding the ALJ's use of the vocational expert's testimony on remand, we acknowledged that we had no way of predicting what the updated medical evidence would reveal. *Lopez-Montiel*, 2012 WL 4361444, at *4. We find whatever benefit our guidance offered, it neither renders Mr. Lopez-Montiel's opposition reasonable, nor supports fees for the time expended.

---

[4] To the extent that there was a longer period between Mr. Lopez-Montiel's alleged date of onset, February 8, 2002 (R. 19) and the Appeals Council's August 11, 2011 decision (R. 1), Mr. Lopez-Montiel was responsible for some of the delay, waiting until January 14, 2008 to file his application for disability (R. 19).

5

*Fourth,* Mr. Lopez-Montiel argues that the uncertainty of knowing whether a court will grant the Commissioner's motion for remand means that his attorneys should be compensated for the time spent opposing the remand. Although in some instances a court may reject the Commissioner's motion for remand, it should have been clear that this was not such a case. With a large portion of the record not translated, the necessity for remand was obvious.

Mr. Lopez-Montiel has not carried his burden of showing why the 10.4 hours his attorneys spent opposing the Commissioner's motion to remand are reasonable. The outcome would have been the same, even if the plaintiff had not opposed the motion. Because we find that these hours were unnecessary, the Court reduces the number of hours for which we award attorneys' fees to 46.1 hours.

**B.**

The Commissioner also challenges the reasonableness of Mr. Lopez-Montiel's attorneys' hourly rates. Following case law from this district, this Court finds that the attorneys' rate of $182.75 per hour is reasonable. Under the EAJA, the award for attorneys' fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, when the current version of the Act was passed] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Mathews-Sheets v. Astrue,* 653 F.3d 560, 562 (7th Cir. 2011) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)).

6

The Commissioner argues that Mr. Lopez-Montiel's attorneys' hourly rate of $182.75 is unreasonable because a rate adjustment due to cost of living increases is not automatic (Def.'s Resp. at 5), and Mr. Lopez-Montiel did not show that without such a cost of living increase, "a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case." *Id.* (quoting *Mathews-Sheets*, 653 F.3d at 565).

A number of courts in this district have rejected or questioned this interpretation of *Mathews-Sheets*. *Bias v. Astrue*, No. 11 C 2247, 2013 WL 615804, at *1 (N.D. Ill. Feb. 15, 2013); *see Gibson ex rel. C.E. v. Astrue*, No. 1:10-CV-07715, 2013 WL 250668, at *2 (N.D. Ill. Jan. 23, 2013) (collecting cases). Instead, these courts have noted that "Congress's use of the disjunctive 'or' indicates that inflation and the limited availability of competent attorneys (a 'special factor') are both alternate routes to an enhanced hourly rate above $125." *Bias*, 2013 WL 615804, at *2 (citing *Mireles v. Astrue*, No. 10 C 6947, 2012 WL 4853065, at *2 (N.D. Ill. Oct. 11, 2012)).

Mr. Lopez-Montiel's proposed cost of living adjustment to the hourly rates is reasonable because the relevant Consumer Price Index and other evidence provided in his motion support it. *See Gibson*, 2013 WL 250668, at *2 ("Courts in this district have allowed claimants to use the Consumer Price Index to adjust hourly attorneys' rates to account for cost of living increases in EAJA cases and have found similar rates to be justified under the EAJA since *Mathew-Sheets* was decided."). Mr. Lopez-Montiel provided the Consumer Price Index table for the Chicago-Gary-Kenosha, IL-IN-WI, area, which shows the increase in cost of living (Pl.'s Motion, Ex. 1). Mr. Lopez-Montiel's attorneys also described office rent increases of 3 percent per year (not due to a larger office), employee salary increases of approximately 3 percent to 5 percent annually

7

(due to keeping pace with salaries at other law firms and not due to increased profits), health insurance increases of 100 percent (due to increased premiums and not due to increases in staff), and increases in the cost of other legal expenses (due to inflation and not due to purchasing more expensive items) (Pl.'s Motion at 7-8).

In addition, Mr. Lopez-Montiel did offer evidence of the fees paid to other attorneys in the area who handle social security litigation. Although those attorneys only do contingency-fee representation agreements for social security cases, the hourly rate of such cases works out to be $165 to $350, and the attorneys' non-contingent hourly rate for work comparable to social security cases is $250 to $500 (Pl.'s Motion, Exs. D, E, F, and G). *See Gibson*, 2013 WL 250668, at *3 (assuming a petitioner must show the limited availability of lawyers to handle a case absent a cost of living increase, the affidavits of other attorneys in the area suffice to make that showing).

In *Bias*, the plaintiff provided almost exactly the same information – from affidavits of other attorneys to assertions of increased costs solely arising from inflation – and the court determined that such evidence was sufficient to justify an enhanced hourly fee. *Bias*, 2013 WL 615804, at *2; *see also Gibson*, 2013 WL 250668, at *2 (similar facts); *Mathews-Sheets*, 653 F.3d at 563-64 (requiring that an inflation adjustment "be justified by reference to the particular circumstances of the lawyer seeking the increase."). We find that the enhanced hourly rate for attorneys' fees requested is justified and reasonable as a response to the increase in cost of living in this geographic area.

## CONCLUSION

For the reasons stated above, the Court grants Mr. Lopez-Montiel's motion for attorneys' fees under the EAJA (Pl.'s Motion), with 10.4 hours of the attorneys' work excluded, and thus awards fees in the amount of $8,652.77 plus $10.60 in costs, made payable to the plaintiff's counsel, less any debt Mr. Lopez-Montiel owes to the government.[5]

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: April 26, 2013

---

[5] The Commissioner contends that the plaintiff, rather than his attorney, should be entitled to the fees (Def.'s Resp. at 10-11). The Seventh Circuit has held otherwise, explaining that "if there is an assignment, the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer." *Mathews-Sheets*, 653 F.3d at 565-66. Mr. Lopez-Montiel's retainer and fee agreement provides that he "agrees that these fees [under the EAJA] be [made] payable to [Mr. Lopez-Montiel's counsel] directly" (Pl.'s Mot. at Ex. B). Accordingly, unless the Commissioner determines that Mr. Lopez-Montiel owes money to the United States, the $8,663.57 award shall be made payable to Mr. Lopez-Montiel's counsel. *See, e.g., Mireles*, 2012 WL 4853065, at *5-6 (relying on *Mathews-Sheets* and paying EAJA award to attorney); *Just v. Astrue*, No. 11 C 1856, 2012 WL 2780142, at *3 (N.D. Ill. July 9, 2012) (EAJA award should be made payable to attorney in keeping with *Mathews–Sheets*); *Scott*, 2012 WL 527523, at *8 (same).

9